IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY J. ROSS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1173-O |
| | § | |
| MUSTAPHA I. AKHIR, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Mary J. Ross, a resident of Hutchins, Texas, against two private citizens--Mustapha I. Akhir and Jonquil Akhir. On June 22, 2009, plaintiff tendered a one-page handwritten complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff answered the interrogatories on July 15, 2009. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

As best the court can decipher her pleadings, plaintiff appears to allege that she was assaulted by Mustapha I. Akhir and five other men in April 2003. A year later, on April 14, 2004, Jonquil Akhir allegedly tried to run plaintiff off the street with her car, requiring plaintiff to "swerve out [of] her way." Plaintiff contends that both actions interfered with her ability to move in and out of her house. By this suit, plaintiff seeks unspecified money damages and other relief.

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

B.

Plaintiff has failed to allege a cognizable claim arising under federal law. When asked to explain why a federal court has jurisdiction, plaintiff responded that she is "suiting [sic] the states." (*See* Mag. J. Interrog. #2). However, no state, including Texas, is a party to this suit. Nor are any of the defendants state actors. Likewise, plaintiff has failed to establish a basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff and both defendants are citizens of Texas. (*See* Mag. J. Interrog. #1). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74,

98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 21, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if the court had subject matter jurisdiction to hear this case, it is likely barred by limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (establishing two-year statute of limitations for personal injury actions).